IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY J. WEAVER and CARLA J. WEAVER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 23-527 |
| AMERICAN STATES INSURANCE, ENCOMPASS HOME AND AUTO INSURANCE COMPANY, U.S. CASUALTY CORPORATION, and DAIRYLAND INSURANCE COMPANY, | ) ) ) ) ) ) | Judge Nora Barry Fischer |
| Defendants. | ) | |

**MEMORANDUM OPINION**

I.      INTRODUCTION

In this removal action, Plaintiffs Jeffrey J. Weaver and Carla J. Weaver, ("Plaintiffs"), bring claims of breach of contract, bad faith insurance practices and loss of consortium against three insurance companies, i.e., Defendants American States Insurance ("American States"), Encompass Home and Auto Insurance Company and Dairyland Insurance Company, ("Dairyland"), and their insurance agent, US Casualty Corporation, ("US Casualty").   (Docket No. 1-2).   Presently before the Court are a Request for Default and Motion for Default Judgment filed by Plaintiffs on October 3, 2023, wherein they request that the Clerk of Court enter default against US Casualty and then move for default judgment.   (Docket Nos. 27; 28).   After careful consideration of the parties' filings and for the following reasons, the Court finds that it lacks subject matter jurisdiction to enter a default judgment against a non-diverse Defendant which the

1

remaining defendants claim was fraudulently joined.   Accordingly, the case will be remanded to the Court of Common Pleas of Allegheny County, forthwith.

II.     BACKGROUND

As the Court writes primarily for the parties and they are familiar with the facts of this action, it focuses on those necessary to resolve the instant motion.   Plaintiffs are Pennsylvania citizens who utilized US Casualty as an insurance agent and obtained auto insurance policies with the three insurers.   (Docket No. 1-2).   After Jeffrey Weaver was injured in an accident, Plaintiffs sought recovery of underinsured motorists benefits under the policies from each of the insurers and have asserted that all of the Defendants have breached contracts with them and have wrongfully denied and/or mishandled their claims.   (*Id.*).   American States removed this case pursuant to this Court's diversity jurisdiction, 28 U.S.C. §§ 1332(a), 1441, arguing that Pennsylvania-citizen US Casualty was fraudulently joined.   (Docket No. 1).   The three insurance companies have filed Answers while no action was initially taken by the parties regarding the claims against US Casualty.   (Docket Nos. 19; 20; 21).   Since the matter remained stagnant, the Court issued two Show Cause Orders directing the Plaintiffs to show cause why the claims against US Casualty should not be dismissed for failure to timely effectuate service under Rule 4(m) and for failure to prosecute under Rule 41. (Docket Nos. 24; 26).   Plaintiffs responded indicating that service had been made on US Casualty prior to the removal of the case and they have now formally moved for default/default judgment against U.S. Casualty.   (Docket Nos. 25; 27-29).   Those matters are ripe for disposition.

III.    LEGAL STANDARDS

Prior to the entry of default judgment, the District Court must satisfy itself that it has both subject matter jurisdiction over the action and personal jurisdiction over the defendant against whom the default judgment is sought. *See Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991).   "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). "They possess only that power authorized by Constitution or statute, which is not expanded by judicial decree." *Id.* (internal citations omitted). In every case, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006). When a party removes a case to federal court, the Court must "evaluate whether that action could have been brought originally in federal court." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748, 204 L. Ed. 2d 34 (2019), *reh'g denied*, No. 17-1471, 2019 WL 3538074 (U.S. Aug. 5, 2019).   The Court should remand the case "[i]f at any time before final judgment it appears that the [Court] lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).   Additionally,

> [t]he federal removal statute, 28 U.S.C. § 1441, is strictly construed, requiring remand if any doubt exists over whether removal was proper. *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985). The party seeking removal carries the burden of proving that removal is proper. *See Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

*Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 218 (3d Cir. 2015).

This Court has previously recognized the following principles as to the doctrine of fraudulent joinder.

> Ordinarily, a defendant may remove a civil action from state court into federal court only when complete diversity of citizenship exists between the parties and the amount in controversy requirement has

3

been met. *See* 28 U.S.C. §§ 1332(a), 1441; *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006). However, removal of a civil action from state court into federal court can be predicated on fraudulent joinder. *In re Briscoe*, 448 F.3d at 215–16. "If the district court determines that the joinder was 'fraudulent' ... the court can disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over the case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'" *Id.* at 216 (quoting *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)).

A defendant is fraudulently joined if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985). In order to assert a colorable claim against a non-diverse defendant, the claims cannot be "wholly insubstantial and frivolous." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d. Cir. 1992). But "'[i]f there is even a possibility that a state court would find that the complaint states a cause of action against [the non-diverse defendant], the federal court must find that joinder was proper and remand the case to state court.'" *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440–41 (11th Cir. 1983)).

In making this determination, "[a] district court must resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Boyer*, 913 F.2d at 111. A district court may look beyond the pleadings to determine if jurisdiction is proper but cannot make a decision about the merits of the case because such a decision would "convert[ ] its jurisdictional inquiry into a motion to dismiss," or a motion for summary judgment. *Id.* at 111–12. Furthermore, a district court must not consider a plaintiff's motive for joining a defendant. *Abels*, 770 F.2d at 32.

In order to determine whether a defendant was fraudulently joined, "[a] district court must 'focus on the plaintiff's complaint at the time the petition for removal was filed. In so ruling, the district court must assume as true all factual allegations of the complaint.'" *Id.* at 851–52 (quoting *Steel Valley Author. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)). In order to convince this Court that a plaintiff has fraudulently joined a non-diverse party, the defendant

4

must overcome the "heavy burden of persuasion" placed upon defendants. *Steel Valley Author.*, 809 F.2d at 1012. "It is logical that [a defendant] should have this burden, for removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *In re Briscoe*, 448 F.3d at 217.

*C.S. ex rel. Surman v. Target Corp.*, Civ. A. No. 11-244, 2011 WL 915957, at *2–3 (W.D. Pa. Mar. 16, 2011).

IV.    DISCUSSION

Returning to the instant matter, Plaintiffs are seeking a default judgment against a non-diverse Defendant, US Casualty, which the insurers claim was fraudulently joined.   (*See* Docket Nos. 1; 27-28).   However, the Court of Appeals has held that this Court may only exercise subject matter jurisdiction over the Plaintiffs' claims against the insurers if it first determines that US Casualty was fraudulently joined and dismisses their claims against it.   *See In re Briscoe*, 448 F.3d at 216.   Beyond the bare assertions in the Notice of Removal, Defendants have not taken any action to support their fraudulent joinder arguments as they have neither moved to sever nor dismiss the claims against US Casualty.   (*See* Docket No. 1; Civ. A. No. 23-527 Docket Report). The insurers similarly have not responded to the Court's Show Cause Orders to advocate for US Casualty's dismissal from this lawsuit.   (*Id.*).   As such, the sole bases advanced by the insurers are that the claims against US Casualty are not colorable because US Casualty is not a party to the insurance contracts and is not an insurer potentially subject to liability under the bad faith statute, 42 Pa. C. S. § 8371.   (Docket No. 1 at ¶¶ 9-13). Having considered these arguments, the Court holds that the insurers have failed to meet their heavy burden to demonstrate that US Casualty was fraudulently joined.   *See In re Briscoe*, 448 F.3d at 217.

Initially, "courts have held that serving a defendant with a complaint 'is sufficient to

demonstrate the actual intention to prosecute an action against'" that party.  *Ciccone et al. v. Allstate Insurance Co. et al.*, Civ. A. No. 19-1144, Docket No. 6 at 1 (W.D. Pa. Sept. 10, 2019) (quoting *Istik v. State Farm Mut. Auto. Ins. Co.*, Civ. A. No. 15-121, 2015 WL 3887471, at *4 (W.D. Pa. June 24, 2015)).   Since Plaintiffs have served US Casualty with process and are now attempting to enforce their claims by seeking a default judgment against it, the Court must conclude that Plaintiffs have done enough to show that they intend to prosecute the action against US Casualty.  *Id*.

Therefore, the remaining issue is whether Plaintiffs have advanced colorable claims against US Casualty or if the claims asserted are wholly insubstantial and frivolous.  *See Batoff*, 977 F.2d at 852.   Several courts, including this one, have addressed the alleged fraudulent joinder of claims by an insured against a non-insurer.   In this context, courts have determined that Pennsylvania law permits insureds to sue their insurance agents under theories of breach of contract, negligence and violations of the Unfair Trade Practices and Consumer Protection Law, ("UTPCPL").  *See e.g., Hines v. Mutual of Omaha Ins. Co.*, Civ. A. No. 15-245, 2015 WL 2400091, at *4 (W.D. Pa. May 20, 2015) ("because Pennsylvania recognizes a breach of contract action by an insured against an insurance agent or broker, this Court concludes that it is at least possible that a state court could find that Hines's original Complaint states a cause of action against Hunter, the resident Defendant.") (Hornak, J.); *Starkey v. Nationwide Prop. & Cas. Ins. Co.*, Civ. A. No. 2:21-CV-00653-MJH, 2021 WL 3080146, at *3 (W.D. Pa. July 21, 2021) (Horan, J.) ("under a fraudulent joinder argument, the Court is not tasked with assessing the Starkeys' UTPCPL claim under a Rule 12(b)(6) standard. The pertinent inquiry is whether the UTPCPL claim is colorable. Courts have held that individuals may maintain a UTPCPL claim against an insurance agent."); *Cirocco v. Nw.*

6

*Mut. Life Ins. Co.*, No. CV 17-393, 2017 WL 4681319, at *3 (W.D. Pa. Oct. 18, 2017) (Bissoon, J.) ("a private individual may maintain a claim under the UTPCPL against an insurance agent."); *cf. Ciccone et al. v. Allstate Insurance Co. et al.*, Civ. A. No. 19-1144, Docket No. 6 (W.D. Pa. Sept. 10, 2019) (Fischer, J.) ("Plaintiffs have stated colorable claims for negligence and violations of the UTPCPL against adjuster defendants under Pennsylvania law. Defendants have not shown plaintiffs do not intend to prosecute the action against adjuster defendants in good faith.").

As in *Hines*, the Court finds that the Plaintiffs' pleading in this case potentially advances a breach of contract claim against US Casualty.   (Docket No. 1-2).   In particular, Plaintiffs may have an alternative theory against US Casualty for the breach of a separate agreement (written or oral) between them in addition to the insurers' alleged breach of the policies. *See Hines*, 2015 WL 2400091, at *3 ("While the Defendants may be correct that under Pennsylvania law Hines may not have a breach of contract action against Hunter for breach of the insurance policy itself, that does not mean that Hines may not have a separate breach of contract action against Hunter for his failure to procure insurance for him.").   It is also possible that Plaintiffs could amend their pleading and pursue negligence and/or UTPCPL claims against US Casualty based on the facts averred in the Complaint. (*See* Docket No. 1-2).   All told, because this Court does not evaluate fraudulent joinder arguments under the Rule 12(b)(6) plausibility standard and is prohibited from determining the merits of Plaintiffs' claims, the Court must conclude that Defendants have not shown that the claims against US Casualty are wholly insubstantial or frivolous.   *See Hines*, 2015 WL 2400091, at *3.   Since it is uncontested that the parties are not diverse and there is no other basis for this Court to assert jurisdiction, the case will be remanded to the Court of Common Pleas of Allegheny County.   *See Boyer*, 913 F.2d at 111.

V.      CONCLUSION

Based on the foregoing, this matter is remanded to the Court of Common Pleas of Allegheny County and Plaintiffs' request for default and motion for default judgment (Docket Nos. 27, 28) are denied, as moot.   An appropriate Order follows.


                                        _s/Nora Barry Fischer_____
                                        Nora Barry Fischer
                                        Senior U.S. District Judge

Dated:   October 6, 2023

cc/ecf:  All counsel of record

        Prothonotary, Court of Common Pleas of Allegheny County